**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

JENNIFHER PAHOLA UMANZOR
MALDONADO,

    *Petitioner*,

v.                                     **Case No. 5:26-CV-0112-JKP**

TODD M. LYONS, Acting Director of
US ICE, et al.,

    *Respondents*.

**ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents have submitted an Abbreviated Response (ECF No. 5) and an Abbreviated Response (ECF No. 6) with an attachment to preserve the legal issues and to conserve judicial and party resources. The Court finds no need to await a reply.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in the cases cited in footnote 1 of its Order for Service (ECF No. 3) and relisted here.[1] While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions. As requested by Respondents, the Court incorporates the filings in the cases identified in their Abbreviated Response into the record in this case.

---

[1] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See, e.g.*, *Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See, e.g.*, *Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

Case addressing § 1225(b)(1) and § 1225(b)(2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).

Respondents acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. They have considered the Court's cited orders and present two new arguments that deserve brief consideration.

First, they note a difference between this case and the cited orders that they deem to be material to resolving the instant petition, i.e., Petitioner has concluded her removal proceedings, reserved appeal, but has not yet appealed her removal order. The Court has had similar facts in at least two prior cases. *See Reyes-Lopez v. Bondi*, No. 5:25-CV-1800-JKP, 2026 WL 94653, at *1 (W.D. Tex. Jan. 6, 2026); *Montilla De Diaz v. Lyons*, No. 5:25-CV-1809-JKP, 2026 WL 94645, at *1 (W.D. Tex. Jan. 6, 2026). In neither case did the non-final removal order affect the Court's consideration of the issues or its ultimate conclusion that Respondents may not detain the petitioner under § 1225(b)(1) or (2). *See Reyes-Lopez*, 2026 WL 94653, at *1–6 (addressing detention under 8 U.S.C. § 1225(b)(2)); *Montilla De Diaz*, 2026 WL 94645, at *1–6 (addressing detention under 8 U.S.C. § 1225(b)(1)). That Petitioner here is now subject to a non-final order of removal does not alter this Court's prior analysis. The Court does not find that Respondents' argument materially distinguishes this case from numerous others that have rejected Respondents' position and their jurisdictional arguments. Its consistent analysis is that neither § 1225(b)(1) nor § 1225(b)(2) permit Respondents to detain noncitizens under facts like those now before the Court.

Respondents also contend that this Court's service order stays removal and thus prevents them from executing any removal order. They argue that the Court should immediately dissolve the stay entered in this case as the Court lacks jurisdiction to grant a stay of removal. The Fifth Circuit has recently reiterated that district courts lack jurisdiction to grant a request for stay of removal. *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) ) (per

curiam). But this Court did not stay removal based on any request by Petitioner. Instead, the Court was simply preserving existing conditions so that it could address the matters raised in the instant habeas petition.

The Supreme Court recognized long ago that a district court has "the power to preserve existing conditions while it was determining its own authority to grant injunctive relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Because federal courts always have jurisdiction to determine their own jurisdiction, *see Brownback v. King*, 592 U.S. 209, 218–19 (2021), they must be afforded an opportunity to make such determination. And in the current immigration environment, such opportunity may properly require courts to stay removal or transfer of petitioners like the Petitioner here. The Court finds the stay issued in this case to be a proper exercise of its inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

For these reasons, the Court disagrees that it lacked jurisdiction to issue the stay of removal and transfer. In any event, the stay will be dissolved upon entry of this order and the subsequent closing of this case. For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

3

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). It is **OR-DERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Jennifher Pahola Umanzor Maldonado from custody, under appropriate conditions of release, to a public place by to a public place **no later than January 22, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of her release as soon as practicable and no less than two hours before his release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED** so that Petitioner is released consistent with this order.

4. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. Respondents shall **FILE** a Status Report no later than **January 23, 2026**, confirming that Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED this 20th day of January 2026.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**